Filed 2/14/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re H.D. et al., Persons Coming Under the Juvenile Court Law. _____ SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,     Plaintiff and Respondent,     v. E.V.,     Defendant and Appellant. | D082615 (Super. Ct. No. NJ13950B-C) |

APPEAL from an order of the Superior Court of San Diego County, Nadia J. Keilani, Judge. Affirmed.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Kristen M. Ojeil, Deputy County Counsel, for Plaintiff and Respondent.

Neale B. Gold, under appointment by the Court of Appeal, for Minor A.D.

This juvenile dependency appeal by E.V. (Mother) presents a question of statutory interpretation—whether the juvenile court had the authority to issue a temporary restraining order (TRO) and permanent restraining order under Welfare and Institutions Code section 213.5 which, when read in conjunction with section 311, suggests such authority is limited to dependency petitions filed by a probation officer rather than petitions filed by a social worker under section 300. We reject this interpretation because review of the statutory scheme shows that, in this context, probation officers are the same as social workers. We thus affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2020, a social worker with the San Diego County Health and Human Services Agency (Agency) filed petitions on behalf of then 14-year-old H.D. and 10-year-old A.D. and the juvenile court removed them from Mother's custody due to her drug use which contributed to an inadequate home environment and neglect of their basic needs. In 2022, the juvenile court ordered a permanent plan of legal guardianship for H.D. and terminated jurisdiction. It terminated Mother's parental rights and ordered adoption for A.D.

In May 2023, A.D. filed an ex parte request for a TRO against Mother. The juvenile court granted the request and set a noticed hearing for a permanent injunction that could last up to three years. Mother appeared at the hearing with counsel who argued: Mother "would like to request that the restraining order be dismissed. She has no desire to have any further contact with the parties in this litigation. That is all. Thank you." The juvenile

2

court entered a permanent restraining order protecting A.D. from Mother for a three-year period.

## DISCUSSION

Mother contends the juvenile court lacked authority under section 213.5 to issue the TRO and the permanent restraining order because the plain language of section 213.5 provides, when read in conjunction with section 311, that the juvenile court has the power to issue a restraining order protecting a child only when a probation officer takes the child into protective custody and files a dependency petition. Subdivision (a) of section 213.5 provides in relevant part:

> *After a petition has been filed pursuant to Section 311* to declare a child a dependent child of the juvenile court, and until the time that the petition is dismissed or dependency is terminated, upon application in the manner provided by Section 527 of the Code of Civil Procedure . . ., the juvenile court has exclusive jurisdiction to issue ex parte orders . . . enjoining a person from[, among other things,] molesting, attacking, striking, stalking, threatening, sexually assaulting, [or] battering [a child.] (Italics added.)

Subdivision (a) of section 311 provides:

> If the *probation officer* determines that the minor shall be retained in custody, he or she shall immediately file a petition pursuant to Section 332[1] with the clerk of the juvenile court who shall set the matter for hearing on the detention hearing calendar. (Italics added.)

---

1    The petition is the basic pleading device in dependency proceedings to assert a child falls within the juvenile court's jurisdiction. (*In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1035.) Section 332 specifies the required contents for an original petition to commence proceedings in the juvenile court to declare a child a dependent child of the court.

Mother argues that "section 213.5 directs the reader to section 311, and the latter explicitly limits its application to those petitions filed by a probation officer rather than petitions filed by a social worker under section 300. That other courts have allowed restraining orders filed under section 213.5 to reach a child – while mostly, if not totally, ignoring the issue raised in [her] brief – is not justification that this Court has the authority to do so, nor is it justification that those other courts had such authority when they addressed restraining orders without discussing the instant problem. [¶] Had the Legislature intended that section 213.5 apply to petitions filed by social workers under section 300, it could easily have said so." The Agency and A.D. (respondents) contend Mother forfeited this issue by failing to raise it in the juvenile court. Should we conclude Mother preserved this issue, respondents assert the juvenile court had ample authority to issue the orders.

"A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221.) "Forfeiture … applies in juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings." (*Id.* at p. 222.) Application of the forfeiture rule is not automatic, and a reviewing court has discretion to consider forfeited claims. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded on other grounds by statute as stated in *In re M.R.* (2005) 132 Cal.App.4th 269, 273–274.) But the "discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue." (*In re S.B.*, at p. 1293.) Additionally, we may consider forfeited claims concerning statutory interpretation that do not involve disputed facts as such a claim could reoccur. (See *In re Jonathan P.* (2014) 226 Cal.App.4th 1240,

4

1252 [addressing forfeited statutory argument that presented a legal question].)

Mother forfeited her legal issue because she did not argue against the order or claim the juvenile court lacked authority to issue it; rather, she argued the order was not necessary and should be dismissed. To avoid forfeiture, Mother contends this case presents an important legal issue and we should exercise our discretion to address it. The Agency concedes the issue presented is a pure question of law where we can properly exercise our discretion to consider the forfeited claim. Nonetheless, it argues we should not exercise such discretion here. We will exercise our discretion to reach the forfeited issue because it involves an important legal issue of statutory interpretation that could reoccur.

We review statutory interpretation issues de novo. (*Ventura County Deputy Sheriffs' Association v. County of Ventura* (2021) 61 Cal.App.5th 585, 590.) We begin our analysis with the " ' "actual words of [section 213.5]," "giving them a plain and commonsense meaning . . . ." ' " (*Mikkelsen v. Hansen* (2019) 31 Cal.App.5th 170, 178.) Nonetheless, "we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part." (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063.)

Applying these rules here, we agree with Mother that the language of section 213.5 is unambiguous and suggests, when read in conjunction with section 311, that the authority to issue a restraining order under section 213.5 applies only to those petitions filed by a probation officer rather than petitions filed by a social worker under section 300. However, we disagree with her conclusion because it ignores the entire statutory scheme. As one court explained:

> The duties to furnish child welfare services and to provide reports and recommendations to the juvenile court are

actually placed by statute upon "the social worker." *The juvenile court law originally called for various tasks to be performed by the probation officer. [Citation.] Later, the Legislature authorized each county board of supervisors to delegate the duties of the probation officer under the juvenile dependency laws to the county welfare department.* [Citations.] Now, by statute, each county's welfare department is required to have a specialized unit for the administration of child welfare services. [Citations.] And most provisions of the juvenile dependency law have been changed so that the term "probation officer" is replaced by "social worker." [Citation.] The terms are now deemed interchangeable. [Citation.] The term "social worker" within the juvenile dependency law obviously means the county's social services agency to which the duties formerly assigned to the probation officer have been delegated. (*In re Ashley M.* (2003) 114 Cal.App.4th 1, 8, italics added.)

The Legislature authorized the delegation of duties from probation officers to social workers for dependent children described in former section 600 (now section 300)[2] via former section 576.5.[3] On July 18, 1972, based on the authority provided in former section 576.5, the San Diego County Board of Supervisors (the Board) passed resolution No. 16 transferring responsibilities related to dependent children described in former section 600 from the probation department to the San Diego County Welfare Department. (See Res. No. 16.)

---

[2] In 1976, the Legislature repealed former section 600 and enacted section 300 to govern dependent children. (Stats. 1976, ch. 1068, §§ 6, 20; *In re A.A.* (2016) 243 Cal.App.4th 1220, 1237, fn. 6.)

[3] Former section 576.5 provided: "The board of supervisors may delegate to the county welfare department all or part of the duty of the probation officer concerning dependent children described in Section 600." (Stats. 1968, ch. 115, § 1.)

Thereafter, in 1976 the Legislature repealed former section 576.5 (Stats. 1976, ch. 1068, § 18) and enacted section 272 which also authorized the delegation of duties from probation officers to social workers for dependent children described in former section 600, now section 300. (Stats. 1976, ch. 1068, § 5.) Section 272 provides, in part: "The board of supervisors may delegate to the county welfare department all or part of the duties of the probation officer concerning dependent children described in Section 300." (§ 272, subd. (a)(1).)[4] On August 15, 1978, the Board passed another resolution delegating to the San Diego County Department of Public Welfare all the duties of the probation officer of the County of San Diego concerning dependent children described in section 300, except for the operation of Hillcrest Receiving Home. (See Res. No. 33.)

Through these delegations of authority, the term "probation officer" in section 311 is equivalent to the term "social worker" in juvenile dependency cases.[5] Accordingly, in San Diego County and other counties where a delegation of duties has been approved, the juvenile court's authority to issue

---

[4]     Additionally, under section 215, "the term 'probation officer' . . . shall include . . . any social worker in a county welfare department . . . ." (Citing § 272.) The California Rules of Court also provide that, in dependency proceedings, a "probation officer" includes a social worker in the county agency responsible for the administration of child welfare, and a "social worker" includes a probation officer performing child welfare duties. (Cal. Rules of Court, rule 5.502(31) & (39).)

[5]     The California Rules of Court also note this delegation of authority. Rule 5.630(a)(1) provides that after a petition has been filed under section 300 the juvenile court may issue restraining orders as provided in section 213.5. (See also rule 5.620(b) ["After a petition has been filed under section 300, . . . the court may issue restraining orders as provided in rule 5.630."].)

a restraining order under section 213.5 applies to petitions filed by social workers under section 300.[6] Thus, the juvenile court did not err when it issued the TRO and the permanent restraining order against Mother.[7]

DISPOSITION

The order is affirmed.

_____

CASTILLO, J.

WE CONCUR:


_____

BUCHANAN, Acting P. J.


_____

RUBIN, J.

---

[6] Another appellate court recently came to the same conclusion, rejecting a literal reading of section 213.5 because: (1) it would lead to an absurd result; (2) the citation to section 311 was likely a drafting error; (3) and the dependency statutes as a whole support the conclusion that a juvenile court has the authority to issue restraining orders protecting the dependent children in cases where the social worker filed the petition. (*In re Lilianna C.* (Feb. 8, 2024, B324755) —— Cal.App.5th —— [2024 Cal. App. Lexis 81, at pp. *9–*12.)

[7] Even if section 213.5 did not apply, juvenile courts have wide discretion to issue orders directed to the parent of a dependent child that it "deems necessary and proper for the best interests of . . . the minor." (§ 245.5.)